UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61301-CIV-COHN/SELTZER

GENERAL ELECTRIC CAPITAL CORPORATION
and COLONIAL PACIFIC LEASING CORPORATION,

    Plaintiffs,

vs.

GOLD COAST HI-LIFT, INC., FRANK VILLELLA,
and JOSEPH VILLELLA,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
## ORDER GRANTING RELIEF ON MOTION FOR ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for an Order to Show Cause Why Defendant Gold Coast Hi-Lift, Inc. Should not be Held in Contempt for Violating the Agreed Order of Replevin [DE 33] and Plaintiffs' Motion for Summary Judgment [DE 44]. The Court has carefully considered the Motions, Responses [DE's 39 and 43] and Replies [DE's 45 and 46], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiffs brought this action to recover on a series of promissory notes, master security agreements, and modifications to those agreements regarding Defendants' purchases of large construction equipment with funds received from Plaintiffs. Plaintiffs' claims include replevin, breach of contract, and breach of two personal guaranties, one by Defendant Frank Villella and one by Defendant Joseph Villella.

Following an earlier motion by Plaintiffs in this case [DE 5], the Court entered an Agreed Order of Replevin [DE 34], directing Defendants to deliver to Plaintiffs 75 pieces of large construction equipment by a date certain.  There is no dispute that all of the equipment was not returned by that date.  Plaintiffs have now moved for an order to show cause to find Defendants in contempt of the Court Order.  Following discovery in this case, few facts are actually in dispute.  Plaintiffs have moved for summary judgment on their claims.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of

Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B.  Breach of Contract Claims

The facts underlying the existence of the promissory notes and security agreements are not in dispute. The Court hereby incorporates the following paragraphs of Plaintiff's Statement of Uncontested Facts [DE 40-3]: 1, 13-25,[1] 27-35, 37-40 and 42-44. These paragraphs describe the formation and validity of the parties' agreements, including the personal guarantee agreements, Defendants' defaults under the agreements for lack of payment, and the collateral for the loans. The only areas of dispute are whether Defendants turned over all equipment in its possession, whether

---

[1] There are no paragraphs numbered 2-12 [DE 40-3].

Defendants have been credited for collateral already liquidated by any party, and whether Plaintiff performed under the Fourth Request for Funding.

Taking the latter issue first, Defendants contend that Plaintiffs failed to perform with regard to the Fourth Request for Funding under the Third Master Security Agreement because Defendants received no funds. However, upon a complete review of the record, the Court agrees with Plaintiff that the Fourth Request involved a refinancing of existing debt under the Third Master Security Agreement. Thus, there is no dispute that no funds exchanged hands. Rather, the funds owing were refinanced with the proceeds of the Fourth Request for Funding.

The Court concludes that as to the Promissory Notes, First Master Security Agreement, Second Master Security Agreement, Third Master Security Agreement, the F. Villela Guaranty and the J. Villella Guaranty, Plaintiffs have shown under the applicable law[2] that there are no genuine issues of material fact concerning the existence of a valid contract, performance by Plaintiffs and breach by Defendants, and that Plaintiffs are entitled to damages. There are disputed issues of material fact regarding the amount of damages.

Defendants assert that the amount owing must be reduced or credited for collateral already sold by Plaintiffs or sold by Defendants with the proceeds forwarded to Plaintiffs. In reply, Plaintiffs assert that they have the right under the written

---

[2] The Promissory Notes and First Master Security Agreement are governed by Connecticut law, the Second Master Security Agreement is governed by Iowa law, the Third Master Security Agreement is governed by New York law, and the personal Guaranties are governed by Florida law.

agreements and the Uniform Commercial Code ("UCC") to pursue cumulative remedies by pursuing a money judgment and attempting to seize the collateral. UCC, § 9-601(c). Plaintiff acknowledges that it cannot collect amounts in excess of what Defendants owe, but that under the UCC Plaintiffs are obligated to remit any surplus funds remaining after satisfaction of debts. UCC, § 9-608(a)(4).

The Court will grant summary judgment in part as to liability, and deny in part as to the amount of damages. The Court is not suggesting that Plaintiffs are incorrect that they need not wait to liquidate the collateral before obtaining a money judgment. Rather, Defendants have put forth sufficient evidence that there is a genuine issue of material fact that some of the collateral has already been sold but not credited to Defendants' outstanding liability. The disputed issue for bench trial in this action is the amount of the money judgment the Court should enter in Plaintiffs' favor.

### C.  Contempt Claims

This Court previously entered an Agreed Order of Replevin, by whose terms the Defendants were supposed to deliver certain construction equipment to Plaintiffs by a certain date [DE 24]. There is no dispute that not all of the equipment was returned by that date. Defendants have explained the delay in delivery of the equipment, including that some equipment was not within their possession while being leased out to their clients. Upon a review of the record, the Court concludes that a finding of contempt is not warranted. However, as an appropriate sanction for non-compliance, Plaintiffs are entitled to monetary relief in the form of any rents collected by Defendants after the

October 5, 2009 deadline for return of the equipment, and an award of attorney fees for having to file its motion for an order to show cause.

### III.  CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for an Order to Show Cause Why Defendant Gold Coast Hi-Lift, Inc. Should not be Held in Contempt for Violating the Agreed Order of Replevin [DE 33] is hereby **GRANTED in part** and **DENIED in part**;

2. By May 7, 2010, Defendants shall provide an accounting of any monies received pursuant to any lease or rent agreement for any period after October 5, 2009, from any of the equipment that was part of the Agreed Order of Replevin, dated September 22, 2009 [DE 24], and was not returned to Defendant by October 5, 2010;

3. Plaintiffs shall file an affidavit regarding attorney's fees incurred in the drafting and filing of Plaintiffs' Motion for an Order to Show Cause Why Defendant Gold Coast Hi-Lift, Inc. Should not be Held in Contempt for Violating the Agreed Order regarding replevin [DE 33];

4. Plaintiffs' Motion for Summary Judgment [DE 44] is hereby **GRANTED in part** and **DENIED in part**;

5. Summary judgment is hereby Granted to Plaintiffs as to liability on all four claims in the Complaint;

6. The case remains set for bench trial as to the amount of the judgment;

7.  Due to a scheduling conflict, the Calendar Call is reset for 9:00am on **Tuesday, May 18, 2010, in Courtroom 207A** of the United States Courthouse, 299 E. Broward Blvd., Fort Lauderdale, Florida, 33301. No other deadlines are changed by this Order (Objections to Deposition Designations that were due at Calendar Call shall remain due by May 20, 2010).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of April, 2010.

_____
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF